# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

BEVERLY J. BOLTON, )
**Plaintiff,** )
)
vs. )
) Civil Action 13-548-CG-C
No._____ )
)
BALDWIN COUNTY PUBLIC SCHOOLS, )
**Defendant,**

## COMPLAINT

1. This case is an employment discrimination action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. 1981, TITLE V11 of the Civil Rights Act of 1964, 42 U.S.C. 2000e and as amended in 1991. This court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. 2000e-(5), and 28 U.S.C. 1331, and 28 U.S.C. 1343(3) and (4). Ms. Bolton (myself) was discriminatory denied equal employment opportunities with the Defendant, Baldwin County Public Schools on the basis of my race and retaliation of another district. I received the appropriate Right to Sue Notice for

charge No. 425-2013-01059 less than ninety (90) days prior to filing this complaint.

2. **Plaintiff** :   Beverly J. Bolton

   10331 Wailuku Drive

   Pensacola, Florida   32506

3. **Defendant**:  Baldwin County Public Schools

   Human Resources Director

   2600 North Hand Avenue

   Bay Minette, AL   36507

## FACTS

4. The Plaintiff was hired to worked for the Defendant, Baldwin County Public Schools on August 12, 2013, by the principal, Johnny Cabaniss, as a Special Education Teacher on the Behavior Unit at Baldwin High School.

5. On or about August 13-16, 2013, I (Plaintiff) went in to prepared my classroom at Baldwin High School, unofficially, until the closing period of the position end, which was Friday, August 16, 2013.  I could officially start after this day.

6.     On August 16, 2013, I (Plaintiff) attended the "New Hire" orientation for new employees, at the Administration Building. I filled out the necessary employment paperwork for a Full Time employee. I stopped by the Certification office and spoke to Angela Middleton, concerning which test I needed to take to get my Alabama License. She tried to look me up on the computer and couldn't find my name. Ms. Middleton said that I needed to tell the principal at Baldwin High, that he needed to send an email stating that he recommended me. After the meeting I went by Baldwin High School, I told the principal, Mr. Johnny Cabaniss what Ms. Middleton had said and he had his secretary, Mrs. Shirley Tolbert send the recommendation by email and I watch her do it. Mrs. Tolbert then gave me a key to my class and later I received a teacher's laptop.

7.     On August 19, 2013, I (plaintiff) officially worked at Baldwin High School. I signed in everyday on the teacher's roster.

8.     On or about August 21, 2013, Mrs. Tolbert called me into office, because she had received an email from the HR. Department, Jennifer Sinclair,and Angela Middleton, telling Mrs. Tolbert to inform me the Plaintiff, that I needed to signed up to take the require tests before or by the 28th, before the Board Meeting to approve the recommendations.

9.    On or about August 21, 2013, the Plaintiff, signed up to take the require Basic test, and I signed up to take the Praxis test on August 27, 2013.

10.   On or about August 22, 2013, Mrs Shirley Tolbert, secretary for the principal gave Plaintiff, Ms. Bolton a Confirmation of Emergency or Career Technical Temporary Certificate Option form to filled out, this form was recommended by administrator at Baldwin County Public School, giving Plaintiff a temporary certificated to work for a year as a teacher.

11.   On August 28, 2013, the Plaintiff, was called into the office after the students had left for the day by the principal. The Principal asked the Plaintiff, why she didn't signed up to take the earlier tests. The Plaintiff told the principal, that she had signed up for both tests, so she didn't understand what he was talking about. Mr Cabaniss, said that he knew that I had signed up to take both tests, and he didn't had anything to do with it, but the HR department said that he couldn't now recommend me. The Plaintiff told the principal, that he had already recommended her, and she wanted to talk to Jennifer Sinclair, the head of HR.

12. On August 28, 2013, the principal, had Ms. Bolton waited outside his office, and he said that he would contact Jennifer Sinclair. He called the Plaintiff back into his office, with his secretary (Mrs. Tolbert) present this

time and told her, that he was sorry, but he could no longer recommend her. The Plaintiff, told him that she had done everything that the district had asked of her and didn't understand why she was being fired.

13. On August 28, 2013, the Plaintiff, gave back her classroom key and laptop and was escorted out by the secretary.

14. On or about August 29, 2013, the Plaintiff, email the Defendant concerning her termination letter and pay. She was told that she would have to wait a another Full month and that she would get "Substitute" pay.

15. On or about September 9-12, 2013, Plaintiff, continue sending emails requesting when she would received her termination letter and receive her Final pay.

16. On or about September 4, 2013, the Plaintiff, found out that two other teachers at Baldwin High School had to take the same requirements (tests) to get license in the state of Alabama, therefore she filed a complaint of race discrimination, because these teachers are White and the Plaintiff is Black. The Plaintiff complained of race discrimination by filing a charge of discrimination with the EEOC. The Defendants, Baldwin County Public Schools refuses to comment on the complaint, therefore Dismissal at

intake according to EEOC office.

17. On or about September 29, 2013, Plaintiff, received letter from State of Alabama Department of Education, stating that Ms. Bolton application has been reviewed for license and that she had met the academic portion of the requirements, and that she have a year from the date of the letter, which was dated August 22, 2013, to complete the test requirements.

18. On or about September 13, 2013, Defendant, HR director, Jennifer Sinclair, sent Plaintiff requiring letter concerning why she was terminated. Mrs. Sinclair said in the letter, that the Plaintiff, never attained the status of a regular employee, as the Baldwin County Board of Education never took Action to hire Plaintiff. Mrs. Sinclair, stated that the Board was Not and is Not aware of ANY proceedings related to Plaintiff employment.

19. Plaintiff, received Final Check from Defendant, it was Substitute Pay.

20. On or about October 24, 2013, Johnny Cabaniss, Principal at Baldwin County High School was put on leave of Absence, starting November 1, 2013 until April 30, 2015.

21.. On or about October 28, 2013, Plaintiff, received Notice of Suit Rights from the EEOC.

22. Plaintiff, Ms. Bolton has suffered injury as a result of Baldwin County Public School.

### Count 1:  Race Discrimination Under Title VII and Section 1981

23. Plaintiff, hereby incorporates by reference paragraphs one (1) through twenty-two (22).

24. Plaintiff was denied an equal opportunity for employment at Baldwin County High School, because of her race- Black.  Ms. Bolton was qualified and license in two other states, and had a letter from the Department of Education in Alabama, stating that she had met the qualification and that she had until August 22, 2014, to complete her requirements.  Two other employees, Carolina Smoak and Melissa Miller, who are Caucasian employees, were not license in the State, but were able to keep there positions as Math teachers.

25. At the time Ms.Bolton first applied for the position of the Behavior Unit there were no Black employee in that position.

26.  Baldwin County HR department intentionally discriminated against Ms. Bolton on the basic of her race in violation of Title VII of the Civil Rights Act, as amended by the Civil Rights Act of 1991, 42 U.S.C.  2000e et.

seq. and of 42 U.S.C. section 1981.

27. Baldwin County Public schools acted with malice or reckless indifference to the civil rights of the Plaintiff.

28. The Plaintiff, Ms. Bolton suffered injuries as a result of Baldwin County Public Schools.

### Count II:  Retaliation Under Title VII and section 1981.

29. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-eight (28).

30. Plaintiff, Ms. Bolton was denied an equal opportunity for employment, based on here say from another county, in which they are in violations of courts orders.

31. Baldwin County Public Schools, retaliated against Ms. Bolton by breeching their agreement with her to hire her, if she meet their requirements.  The HR. Director Jennifer Sinclair, did not put the plaintiff on the list to be APPROVE by the Board, therefore, The Board members was not told that the Plaintiff had been hired.  According to the Baldwin as until August 22, 2014, to meet the requirements.

County Board  of education, Code  of Ethics #103a,  the Board members will not undermine the authority of the Superintendent nor intrude into

the sphere of the responsibilities that properly belong to the school administration - such as Hiring, transferring or dismissing employees.

32. The Plaintiff did everything the Defendant asked, and now the Baldwin County Schools retaliated against Ms. Bolton by saying that she was only a Substitute, so why did the Plaintiff have to take the test.

33. The Baldwin County Schools retaliated against Ms. Bolton, by firing her for not signing up to take the state test on a certain day, even though the Alabama State Department of Education, said that the Plaintiff, Ms. Bolton

34. The Defendant retaliated by not given Ms. Bolton the same opportunity as they gave the other Caucasian employees, Carolina Smoak and Melissa Miller.

35. Baldwin acted with malice or reckless indifference to the civil rights of the Plaintiff.

36. Ms. Bolton, the Plaintiff, suffered injuries as a result of Baldwin County Public School's actions

## RELIEF

**WHEREFORE,** Ms. Bolton respectfully prays that the Court find for the Plaintiff and:

1) Order injunctive relief sufficient to ensure that discrimination on the basis of race and retaliation by Baldwin County Public Schools;

2)    Order Baldwin to pay Compensatory pay of $50,000.00 for annual salary that Plaintiff would have received. $75,000.00 for Emotional Distress, and $300,000.00 for Punitive damages, totaling $425,000.00.

3)    Order all other relief that is just and proper.

Respectfully submitted,

*[signature]*

(Plaintiff)

Beverly J. Bolton

10331 Wailuku Drive
Pensacola, FL 32506
(850) 417-7715

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Beverly J. Bolton**
**10331 Wailuku Drive**
**Pensacola, FL 32506**

From: **Mobile Local Office**
**63 S Royal Street**
**Suite 504**
**Mobile, AL 36602**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2013-01059 | ARLENE A. GORCEY, Investigator | (251) 690-2177 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Erika LaCour_    10-28-13
Erika LaCour,    (Date Mailed)
Local Office Director

Enclosures(s)

cc: **BALDWIN COUNTY PUBLIC SCHOOLS**
**Human Resources Director**
**2600 North Hand Avenue**
**Bay Minette, AL 36507**

Beverly Bolton
10331 Wailuku Dr.
Pensacola, FL  32506



U.S. POSTAGE
PAID
PENSACOLA,FL
32507
NOV 06, '13
AMOUNT
$1.72
00020485-05

1000    36602

U.S. District Court
113 St. Joseph St.
Mobile, AL  36602